1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   J & J SPORTS PRODUCTION, INC.,            No.  2:14-cv-2667-JAM-EFB PS

12                    Plaintiff,

13          v.                                 ORDER TO SHOW CAUSE

14   LUIS ALONSO CABRERA, et al.,

15                    Defendants.

16

17          Plaintiff filed a motion for summary judgment and noticed the motion for hearing on April

18   27, 2016.[1]  ECF Nos. 28, 31.

19          Court records reflect that defendants have not filed an opposition or statement of non-

20   opposition to the motion for summary judgment.  Local Rule 230(c) provides that opposition to

21   the granting of a motion, or a statement of non-opposition thereto, must be served upon the

22   moving party, and filed with this court, no later than fourteen days preceding the noticed hearing

23   date or, in this instance, by April 13, 2015.  Local Rule 230(c) further provides that "[n]o party

24   will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion

25   has not been timely filed by that party."

26   /////

27

28   _____
     [1]  This case, in which defendants are proceeding pro se, is before the undersigned pursuant
     to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

                                              1

1    Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for

2  summary judgment or summary adjudication shall reproduce the itemized facts in the Statement

3  of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed,

4  including with each denial a citation to the particular portions of any pleading, affidavit,

5  deposition, interrogatory answer, admission, or other document relied upon in support of that

6  denial."  Local Rule 260(b) further provides that "[t]he opposing party may also file a concise

7  'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts

8  as to which there is a genuine issue precluding summary judgment or adjudication," and that

9  "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the

10  opposing papers."

11    Finally, Local Rule 183, governing persons appearing in pro se, provides that failure to

12  comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal,

13  judgment by default, or other appropriate sanctions.  Local Rule 110 provides that failure to

14  comply with the Local Rules "may be grounds for imposition by the Court of any and all

15  sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also*

16  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules

17  is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even

18  though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th

19  Cir. 1987).

20    Because defendants have failed to file an opposition or statement of non-opposition to

21  plaintiff's motion for summary judgment, as required by Local Rule 230, and have failed to

22  respond to plaintiff's statement of undisputed facts, as required by Local Rule 260, the hearing on

23  plaintiff's motion for summary judgment must be continued.  Defendants are ordered to show

24  cause why sanctions should not be imposed for failure to timely file an opposition or a statement

25  of non-opposition to the pending motion and for failure to timely file a response to plaintiff's

26  statement of undisputed facts.  Defendants are also ordered to file an opposition to the motion or a

27  statement of non-opposition thereto and a response to plaintiff's statement of undisputed facts.

28  /////

1   Failure to comply with this order may result in a recommendation that plaintiff's motion for
2   summary judgment be granted.

3       The court informs defendants of the following with respect to opposing a motion for
4   summary judgment under Federal Rule of Civil Procedure 56: Such a motion is a request that the
5   court grant judgment in plaintiff's favor without trial.  A motion for summary judgment will set
6   forth the facts that plaintiff asserts are not reasonably subject to dispute and that entitle it to
7   judgment under applicable law.  To oppose a motion for summary judgment, defendants may file
8   one or more affidavits or declarations setting forth the material facts that defendants believe are
9   subject to reasonable dispute, as long as the person who signs it has personal knowledge of the
10  facts stated.  Defendants may rely on written records, but he must prove they are what defendants
11  assert them to be.  Defendants may rely on all or any part of responses to discovery propounded
12  in this case, i.e., answers to interrogatories, admissions and deposition transcripts.  If defendants
13  fail to contradict plaintiff's evidence with counter-affidavits or other admissible evidence, the
14  court may accept plaintiff's evidence as true and grant the motion.  If there is good reason why
15  such facts are not available to defendants when they are required to oppose a motion for summary
16  judgment, the court will consider a request to postpone considering the motion.  If defendants do
17  not file a written opposition to the motion or a request to postpone consideration of it, the court
18  may consider the failure to act as a waiver of opposition to the plaintiff's motion.  If the court
19  grants plaintiff's motion, whether opposed or unopposed, judgment will be entered for plaintiff
20  without a trial and the case will be closed.

21      Accordingly, good cause appearing, it is hereby ORDERED that:

22      1.  The hearing on plaintiff's motion for summary judgment (ECF Nos. 28, 31) is
23  continued to June 1, 2016.

24      2.  Defendants shall show cause, in writing, no later than May 18, 2016, why sanctions
25  should not be imposed for failure to timely file an opposition or a statement of non-opposition to
26  the pending motion.

27      3.  Defendants shall file an opposition to the motion, or a statement of non-opposition
28  thereto, no later than May 18, 2016.

3

4.  Failure of defendants to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that plaintiff's motion be granted.

5.  Plaintiff may file a reply to defendant's opposition, if any, on or before May 25, 2016.

6.  Plaintiff's request for a telephonic appearance at the April 27, 2016 hearing is denied as moot.

DATED:  April 21, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4