UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS. INC., | No.  2:14-cv-2667-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LUIS ALONSO CABRERA, et al., | |
| Defendants. | |

This case was before the court on June 1, 2016, for hearing on plaintiff's motion for partial summary judgment against defendants Luis Alonso Cabrera and Maria Cristina Ramos, individually and dba Taqueria & Pupuseria Isabel.[1]  ECF No. 28.  The court also addressed at the hearing the order to show cause why defendants should not be sanctioned for failure to timely file an opposition to plaintiff's motion.  ECF No. 33.  Attorney Diane Devine appeared on behalf of plaintiff; defendants appeared pro se.  For the reasons stated below, the order to show cause is discharged without imposition of sanctions and it is recommended that plaintiff's motion for partial summary judgment be granted.

/////

/////

---

[1] This case, in which defendants appear pro se, was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

I.     Order to Show Cause

Plaintiff noticed its motion for partial summary judgment for hearing on April 27, 2016. ECF No. 31. Defendants failed to timely file an opposition or statement of non-opposition to the motion. *See* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing). Accordingly, they were ordered to show cause why sanctions should not be imposed for their violation of the court's local rules. ECF No. 33.

In response, defendants represent that they did not know that they were required to file an opposition prior to the hearing and that they intended to submit their opposition at the April 27 hearing. ECF No. 35 at 2. Although even parties proceeding without attorneys must comply with the court's local rules, this is the defendants only infraction. In light of their pro se status, the court declines to impose sanctions and the Order to Show Cause is discharged. However, defendants are admonished that they must comply with the Local Rules and that future violations may result in the imposition of sanctions.

I.     Plaintiff's Motion for Partial Summary Judgment

   A.     Background

Plaintiff J & J Sports Productions, Inc. is a closed-circuit distributor of sports and entertainment programming. Affidavit of Joseph Gagliardi (ECF No. 28-4) ¶ 3. It purchased and retains the nationwide exclusive commercial exhibition licensing to a television program entitled: *"The Clash in Cotai": Manny Pacquiao v. Brandon Rios, WBO Welterweight Championship Fight Program*," with a broadcast date of November 23, 2013 (the "Program"). *Id*. Plaintiff subsequently sublicensed the Program to its commercial customers.[2]

Defendants Luis Alonso Cabrera and Maria Cristina Ramos Cabrera were the owners and managers of the commercial establishment Taqueria & Pupuseria Isabel, located at 3071 Freeport

---

[2] Plaintiff utilized a company called G & G Closed Circuit Events, LLC, to sell the closed-circuit licenses to commercial locations throughout the United States. ECF No. 28-4 ¶ 3 n.1.

1  Blvd., Sacramento, California at the times relevant here. Declaration of Thomas Riley (ECF No.
2  28-3) at 9, 20 (Requests for Admissions Nos. 29-30). On November 23, 2013, plaintiff's
3  investigator, Perry Anderson, entered Taqueria & Pupuseria Isabel and observed the broadcast of
4  the Program on a television. Declaration of Perry Anderson (ECF No. 28-2) at 2. Plaintiff,
5  however, never sublicensed the Program to defendants. ECF No. 28-4 ¶7.

6  Based on the display of the program, plaintiff's complaint alleges four claims against
7  defendants: (1) violation of the Federal Communications Act of 1934, 47 U.S.C. §§ 605 *et seq.*;
8  (2) violation of 47 U.S.C. §§ 553 *et seq*. (3) common law claim of conversion; and (4) violation
9  of California Business and Professions Code §§ 17200 *et seq*. ECF No. 1. Plaintiff now moves
10 for summary judgment on its 47 U.S.C. § 605 and common law conversion claims.

11      B.      Legal Standard

12 Summary judgment is appropriate when there is "no genuine dispute as to any material
13 fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary
14 judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant
15 to the determination of the issues in the case, or in which there is insufficient evidence for a jury
16 to determine those facts in favor of the nonmovant. *Crawford–El v. Britton*, 523 U.S. 574, 600
17 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50 (1986); *Nw. Motorcycle Ass'n v.*
18 *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471–72 (9th Cir. 1994). At bottom, a summary judgment
19 motion asks whether the evidence presents a sufficient disagreement to require submission to a
20 jury.

21 The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims
22 or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323–24 (1986). Thus, the rule functions to
23 "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
24 trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)
25 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally,
26 under summary judgment practice, the moving party bears the initial responsibility of presenting
27 the basis for its motion and identifying those portions of the record, together with affidavits, if
28 any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477

3

1  U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving
2  party meets its burden with a properly supported motion, the burden then shifts to the opposing
3  party to present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);
4  *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

5        A clear focus on where the burden of proof lies as to the factual issue in question is crucial
6  to summary judgment procedures.  Depending on which party bears that burden, the party seeking
7  summary judgment does not necessarily need to submit any evidence of its own.  When the
8  opposing party would have the burden of proof on a dispositive issue at trial, the moving party
9  need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National*
10 *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters
11 which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U .S. at
12 323–24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive
13 issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,
14 depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment
15 should be entered, after adequate time for discovery and upon motion, against a party who fails to
16 make a showing sufficient to establish the existence of an element essential to that party's case,
17 and on which that party will bear the burden of proof at trial.  *See id*. at 322.  In such a
18 circumstance, summary judgment must be granted, "so long as whatever is before the district
19 court demonstrates that the standard for entry of summary judgment . . . is satisfied."  *Id*. at 323.

20       To defeat summary judgment the opposing party must establish a genuine dispute as to a
21 material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that
22 is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at
23 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law
24 will properly preclude the entry of summary judgment."). Whether a factual dispute is material is
25 determined by the substantive law applicable for the claim in question.  *Id*.  If the opposing party
26 is unable to produce evidence sufficient to establish a required element of its claim that party fails
27 in opposing summary judgment.  "[A] complete failure of proof concerning an essential element
28 /////

of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

/////

/////

C.  Discussion

1.  47 U.S.C. § 605

The Federal Communications Act prohibits, among other things, "the unauthorized receipt and use of radio communications for one's own benefit or for the benefit of another not entitled thereto." *DirectTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (internal quotations omitted). In relevant part, 47 U.S.C. § 605(a) states: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." The U.S. Court of Appeals for the Ninth Circuit has determined that satellite television signals are covered communications under 47 U.S.C. § 605(a).[3] *DirectTV, Inc.*, 545 F.3d at 844. Thus, the statute "prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming." *Kingvision Pay–Per–View v. Guzman*, No. C09–00217, 2009 WL 1475722, at *2 (N.D. Cal. May 27, 2009). Although damages may be reduced where a defendants acted unknowingly, defendants' willful violation is irrelevant in determining liability. *Joe Hand Promotions, Inc. v. Albright*, CIV. 2:11–2260 WBS CMK, 2013 WL 2449500, *4 (E.D. Cal. June 5, 2013); *J & J Sports Production, Inc. v. Delgado*, CIV. 2:102517 WBS KJM, 2012 WL 371630, at *3 (§ 605 is a strict liability statute).

Plaintiff has produced sufficient evidence to demonstrate that defendants violated § 605.[4] Plaintiff's evidence establishes that it had the exclusive commercial distribution rights for the Program. ECF No. 28-4 ¶ 3. On November 23, 2013, plaintiff's investigator entered defendants' establishment and observed the broadcast of the Program on a television. ECF No. 28-2 at 2.

---

[3] Transmissions intercepted from a cable system are expressly covered by 47 U.S.C. § 553(a), which provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communication service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).

[4] Moreover, all facts necessary to establish defendants' liability have been conclusively established based on defendants' failure to respond to requests for admissions. *See* ECF No. 28-3; Fed. R. Civ. P. 36(a)(3); *Conlon v. United States,* 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.").

Defendants, however, did not obtain the commercial license necessary to show the Program at their establishment. ECF No. 28-4 ¶ 3. This evidence demonstrates that defendants violated § 605.

Further, defendants have not produced any contrary evidence creating a genuine dispute of material fact. Instead, their opposition concedes that the Program was displayed on a television at their establishment without authorization. Defendants explain that the Program was purchased by their daughter through her Dish Network account and that they "chose to put the program on the TV using Chrome Cast rather than just viewing the programming" on a phone. *Id.*; ECF No. 34 at 2. Thus, defendants admit that the program was showed at their establishment without a commercial license in violation of § 605.[5] *See Delgado*, CIV 2:10-2517 WBS KJN, 2012 WL 371630, at * 3 (finding a violation of § 605 where defendant purchased a residential license to view a program and then showed the program at the defendant's business establishment); *J & J Sports Production, Inc. v. Nguyen*, No. 13-CV-2008-LHK, 2014 WL 60014, at *4 (N.D. Cal. Jan. 7, 2014) ("[C]ourts have found violations of [§§ 605 and 553] where defendants purchased the program through their satellite or cable provider, but thereafter exhibited the program in their commercial establishments without authorization from the exclusive licensee."). These undisputed facts entitle plaintiff to summary judgment on its § 605 claim.

        2.       <u>Conversion</u>

Plaintiff also moves for summary judgment on its conversion claim. Under California law, conversion requires a showing of: (1) ownership or right to possession of property; (2) defendant's wrongful disposition of the property right; and (3) damages. *G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). "Because conversion

---

[5] Plaintiff objects to the court considering statements made in defendants' opposition on the ground that they are not subscribed under penalty of perjury. ECF No. 36 at 3. While it is true that they are not verified under penalty of perjury (and therefore the document is not in a form admissible for trial), the content of statements describe the defendants' percipient observations regarding facts asserted and that information appears to be based on personal knowledge. That content therefore could be presented in a form admissible at trial and is therefore admissible under Fed. R. Civ. P. 56. *See Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003). Accordingly, that content is admissible for purposes of opposing summary judgment and the objections are overruled.

is a strict liability tort, questions of the defendant's good faith, lack of knowledge, notice, or intent are not relevant." *Gilman v. Dadby*, 176 Cal. App. 4th 606, 615 n.1 (2009).

There is no dispute that plaintiff had the exclusive commercial distribution rights for the Program (ECF No. 28-4 ¶ 3), or that defendants misappropriated plaintiff's property by showing the program at their commercial establishment without authorization. *Id.*; ECF No. 28-2 at 2. Accordingly, there is no genuine issue of material fact as to whether defendants are liable for conversion, and plaintiff is therefore entitled to summary judgment on this claim.

IV.    Conclusion

Accordingly, it is hereby ORDERED that the April 21, 2016 order to show cause is discharged; no sanctions are imposed.

Further, it is RECOMMENDED that plaintiff's motion for partial summary judgment, ECF No. 28, be granted on the issues of liability for violation of § 605 and conversion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 2, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE